IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CV-567-M-KS

| | |
|---|---|
| DERRICK WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| NIKE USA, INC., | ) |
| Defendant. | ) |

On September 8, 2025, Derrick Williams initiated this action against his former employer, Nike USA, Inc., asserting violations of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. (Compl. [DE #1].) Williams also moved for leave to proceed under a pseudonym. (Mot. Proceed Pseudonym [DE #5].) For the reasons set forth below, the court denies leave to proceed under a pseudonym.

Generally, a civil complaint "must name all the parties." Fed. R. Civ. P. 10(a). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). However, "the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings . . ., [so] 'a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the

party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Corp. Sec. Sols., Inc.*, 751 F. Supp. 3d 609, 612 (E.D.N.C. 2024) (quoting *Doe v. Pub. Citizen*, 749 F.3d at 274).

Plaintiff asserts his "claims involve discussion of sensitive psychiatric disability information and related medical records" and that "[d]isclosure of [his] identity . . . would cause undue harm, stigma, and risk of retaliation." (Mot. Proceed Pseudonym.) Such naked claims of future harm are not sufficient to warrant a party proceeding anonymously, *Corp. Sec. Sols., Inc.*, 751 F. Supp. 3d at 614, and Plaintiff has not filed a memorandum demonstrating compelling concerns of personal privacy or confidentiality.[1] Moreover, Plaintiff's complaint contains no highly sensitive or confidential medical information. Should a need to file highly sensitive information arise, the parties may request permission to file redacted or sealed versions of the information in accordance with this court's local rules. *See* Local Civ. R. 79.2 (E.D.N.C. May 2023); ECF Admin. Policies & Proc. Manual § V.G.1, E.D.N.C. (Rev. Mar. 2017). Accordingly, Plaintiff's Motion to Proceed Under Pseudonym [DE #5] is DENIED.

This 11th day of September 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

---

[1] This court's local rules require that a supporting memorandum accompany all motions other than those "the clerk may grant as specified in Local Civil Rule 77.2." Local Civ. R. 7.1(e) (E.D.N.C. May 2023). Plaintiff is advised that future failure to comply with this rule may result in summary denial of any motions.