IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DERRICK WILLIAMS, | Civil Action No. 5:25-cv-00567∅-M-KS |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO** |
| vs. | **FILE SUPPLEMENTAL OPPOSITION** |
| | **TO DEFENDANT'S MOTION TO** |
| NIKE USA, INC., | **DISMISS BASED ON NEWLY** |
| Defendant. | **OBTAINED EEOC RECORDS** |

**NOW COMES** Plaintiff Derrick Williams ("Plaintiff"), proceeding *pro se,* and respectfully moves this Court for leave to file a supplemental opposition to Defendant Nike USA, Inc.'s ("Defendant") Motion to Dismiss". In support of this Motion, Plaintiff states as follows:

1. On January 23, 2026, Defendant filed a Motion to Dismiss [DE 21] and a supporting Memorandum of Law [DE 22], asserting that Plaintiff's Americans with Disabilities Act ("ADA") claims are time-barred because his formal EEOC Charge was filed 224 days after his termination.

2. Plaintiff filed his Response in Opposition on February 19, 2026. Defendant filed its Reply in Support of the Motion to Dismiss on March 5, 2026, that contends there is no basis to toll basis exists to toll the *180-day* filing period.

3. Since the filing of the initial opposition, Plaintiff has **newly obtained** and recognized the necessity of critical evidence from the EEOC Public Portal. This evidence includes an **EEOC Inquiry (Inquiry Number: 551-2024-02039) submitted on January 18, 2024.**

1

4. This newly discovered evidence is **squarely material** to the pending Motion to Dismiss because it corroborates that Plaintiff initiated the EEOC process only *139 days* after his September 1, 2023, termination—well within the 180-day statutory window.

5. Because North Carolina is a non-deferral state, ADA claims must be initiated with the EEOC within *180 days* of the alleged unlawful employment practice. Plaintiff's January 18, 2024 EEOC Inquiry therefore satisfies the filing requirement.

6. Under the functional standards established by the Supreme Court in *Federal Express Corp. v. Holowecki* **and** *Edelman v. Lynchburg College*, this January 18, 2024, submission constitutes a "charge" for timeliness purposes, effectively defeating Defendant's primary argument for dismissal.

7. Allowing this supplement will assist the Court in resolving the Motion to Dismiss on a **complete and accurate record**, consistent with Federal Rule of Civil Procedure 1's mandate to secure the just, speedy, and inexpensive determination of every action.

8. There is **no prejudice to Defendant**, as these documents originate from a neutral government agency, and the Court may permit Defendant the opportunity to respond to the supplemental filing.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Leave to File Supplemental Opposition.

Respectfully submitted this **6**th day of March, 2026.

[Signature page to follow]

2

By: _____

Derrick Williams
*Plaintiff, Pro Se*
2870 Peachtree RD NW #915-4703
Atlanta, GA 30305
Email: 525cv00567@pm.me

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I served a copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON NEWLY OBTAINED EEOC RECORDS** upon the Defendant's counsel of record via the Court's CM/ECF system, e-mail, or by placing a copy in the United States Mail, first-class postage prepaid, addressed as follows:

Matthew S. Brown, Esq.
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
mabrown@littler.com

*Attorneys for Defendant*

By: _____

Derrick Williams
525cv00567@pm.me
2870 Peachtree RD NW #915-4703
Atlanta, GA 30305

*Plaintiff, Pro Se*

4