# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### No. 5:25-CV-567-M-KS

DERRICK WILLIAMS, )
)
   Plaintiff, )
)
   v. )      **ORDER and**
) **MEMORANDUM &**
) **RECOMMENDATION**
NIKE USA, INC., )
)
   Defendant. )

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff has responded in opposition to Defendant's motion. Plaintiff alternatively moves to amend his complaint and has submitted a proposed amended complaint.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a) allows a plaintiff to amend his complaint once as a matter of course within twenty-one days "after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff filed his response, motion to amend, and proposed amended complaint on February 19, 2026, within twenty-one days after service of Defendant's Rule 12(b) motion.[1] Pursuant to Rule 15, Plaintiff had an absolute right to amend his complaint,

---

[1] Because Defendant was served with the Rule 12(b) motion by United States mail, three days are added to Plaintiff's Rule 15(a)(1)(B) deadline. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail] . . ., 3 days are added . . . .").

even if amendment would be futile. *See Baker v. Naco-Lake Royale Resorts*, No. 5:09-CV-518-FL, 2010 WL 2837005, at *1 (E.D.N.C. July 19, 2010) (construing former version of Rule 15(a)). The court thus construes Plaintiff's proposed amended complaint as an amended complaint, filed pursuant to Rule 15(a)(1)(B).

Because Defendant's motion to dismiss is directed at Plaintiff's original pleading, it is rendered moot and must, therefore, be dismissed. *See Nat'l Coating & Supplies, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 4926282, at *1 (E.D.N.C. Aug. 21, 2020) ("[T]he filing of an amended complaint renders the current complaint inoperative, and . . . any motions directed at the superseded pleading must be denied as moot." (citations omitted)).

CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The clerk shall file Plaintiff's proposed amended complaint [DE #26-1] as Plaintiff's First Amended Complaint; and

2. Plaintiff's motion for leave to amend his complaint [DE #26] is DISMISSED as moot.

It is further RECOMMENDED that Defendant's motion to dismiss [DE #21] be DENIED as moot.

A copy of this Memorandum and Recommendation shall be served on the parties, who are hereby advised as follows: You shall have **fourteen (14) days** from the date of this Memorandum and Recommendation to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the

2

Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), (E.D.N.C. May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 9th day of March 2026.

KIMBERLY A. SWANK
United States Magistrate Judge