**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| DERRICK WILLIAMS, | Civil Action No. 5:25-CV-567-M-KS |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION** |
| vs. | **TO DEFENDANT'S MOTION TO STAY** |
| NIKE USA, INC., | **DEADLINES** |
| Defendant. | |

NOW COMES Plaintiff, Derrick Williams ("Plaintiff"), proceeding *pro se*, pursuant to Local Civil Rule 7.1(e) and Federal Rule of Civil Procedure 26(c), and respectfully submits this Response in Opposition to Defendant's Motion to Stay Deadlines [DE 30] and supporting Memorandum [DE 31].

## I.    PROCEDURAL BACKGROUND

The procedural history of this matter is largely undisputed. As Defendant acknowledges in its Motion to Stay:

1.  On January 1, 2026, Plaintiff filed a Complaint alleging claims for (i) disability discrimination; (ii) failure to accommodate; and (iii) retaliation under the ADA; as well as (iv) retaliation and (v) hostile work environment under Title VII. (ECF No. 1).

2.  On January 26, 2026, Defendant filed a Motion to Dismiss seeking dismissal with prejudice of all claims. (ECF Nos. 20 and 21).

3.  On January 27, 2026, the Court issued an Order for Discovery Plan directing the parties to engage in a Rule 26(f) conference by February 26, 2026, and to submit a Discovery Plan within fourteen (14) days thereof.

4. Defendant asserts that because its Motion to Dismiss seeks dismissal of the Complaint in its entirety, a ruling would "obviate the need for discovery." (DE 30, ¶ 4).

5. On February 19, 2026, Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss and Motion for Leave to File First Amended Complaint. (ECF Nos. 26 and 27).

6. On February 20, 2026, the parties engaged in the Rule 26(f) Conference. As such, the Joint 26(f) Report/Discovery Plan was due to be filed by March 6, 2026.

## II. ARGUMENT

Defendant moves to stay all deadlines—including the filing of the Rule 26(f) Report and Initial Disclosures—on the ground that its Motion to Dismiss [DE 21] remains pending, but it cannot meet its burden to show good cause for a stay under Federal Rule of Civil Procedure 26(c).

On March 6, 2026, Defendant filed a Motion to Stay Deadlines Pending Disposition of its Motion to Dismiss and Plaintiff's Motions for Leave to File a First Amended Complaint [DE 30], along with a supporting Memorandum of Law [DE 31] (collectively, "Def. Mot. to Stay"). That premise no longer exists.

On March 9, 2026, Magistrate Judge Swank entered a Memorandum and Recommendation ("M&R") [DE 36], recommending that Defendant's Motion to Dismiss be denied as moot. Consequently, the "good cause" required under Federal Rule of Civil Procedure 26(c) has evaporated. A stay of discovery cannot be predicated on a dispositive motion that the Court has already recommended for denial.

The record further demonstrates that Defendant's primary objective is delay rather than resolution. On March 19, 2026, while simultaneously seeking to halt this Court's discovery

- 2 -

deadlines, Nike requested an extension of time to respond to the Amended Complaint. This timing indicates that the requested stay is not a matter of judicial economy, but a tactical attempt to stall the inevitable progression of this litigation. While Defendant asserts this relief is sought "in good faith" (DE 30 ¶ 8), the contradictory nature of its simultaneous filings suggests otherwise.

Pursuant to Local Civil Rule 7.1(b)(2), Defendant conferred with Plaintiff regarding this relief; as stated then and reaffirmed now, Plaintiff does *not* consent. (DE 30 ¶ 9). There is no "good cause" under Federal Rule of Civil Procedure 26(c) to stay discovery when the very motion asserted as the basis for the stay has been rendered moot.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above and in Plaintiff's accompanying Memorandum of Law in Opposition, Plaintiff respectfully requests that the Court DENY Defendant's "Motion to Stay Deadlines Pending Disposition of Defendant's Motion to Dismiss and Plaintiff's Motions for Leave to File First Amended Complaint" [DE 30] and direct the parties to comply with the Court's scheduling directives and proceed with discovery and all related deadlines.

Respectfully submitted this **20**th day of March, 2026.

By:_____
Derrick Williams
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a copy of the foregoing **Plaintiff's Response in Opposition to Defendant's Motion to Stay Deadlines** upon the Defendant's counsel of record via the Court's CM/ECF system, or by placing a copy in the United States Mail, first-class postage prepaid, addressed as follows:

Matthew S. Brown, Esq.
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202

*Attorneys for Defendant*

This the **20th** of March, 2026.

By: _____
Derrick Williams
*525cv00567@pm.me*
2870 Peachtree RD NW #915-4703
Atlanta, GA 30305

*Plaintiff, Pro Se*